Thomas J. Polis, Esq. - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-8420
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Counsel for Richard A. Marshack, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Eben and Pamela Howard,<br><br>　　　　　Debtors. | Case No. 8:21-bk-10383-SC<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF DEBTORS' PERSONAL PROPERTY ASSETS BACK TO THE DEBTORS PURSUANT TO SECTIONS 363(b) AND 363(f) OF THE BANKRUPTCY CODE BACK TO THE DEBTORS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF**<br><br>**[NO HEARING REQUIRED UNDER LOCAL BANKRUPTCY RULES 6004 AND 9013-4]** |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

Richard A. Marshack, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of *In re Eben and Pamela Howard*, Case No. 8:21-bk-10383-SC ("Debtors"), respectfully brings this *Motion for Court Order* as follows:

1.　　Approving the sale of the estate's interest back to the Debtors, net of their applicable exemptions in certain Personal Property consisting of various vehicles, artwork and collectibles and assorted jewelry. Specifically, the Trustee is proposing to sell the following Personal Property Assets back to the Debtors: (i) 2017 Tesla Model X90D (37,190 miles); (ii) 2021 RAM Pickup Truck (140 miles); (iii) various artwork and collectibles, including Dr. Seuss and Jiang artwork; and (iv) various items of jewelry, including a women's Rolex Yacht Master;

men's Rolex Submarine watch, yellow gold chain with pendant, and various earrings, gold chains and diamond bracelets (collectively, the estate's "Repurchased Assets"). The Trustee has determined that a sale of the Repurchased Assets back to the Debtors for a net price of $50,000 (Fifty Thousand Dollars) (after application of all exemptions the Debtors are entitled to), will allow the Debtors' bankruptcy estate to receive the most value for the liquidation of the Repurchased Assets. In the event the Debtors cannot complete the purchase of the itemized Repurchased Assets bid within fourteen (14) calendar days after entry of the accompanying Sale Order, another bidder will then be allowed to purchase the respective Repurchased Assets.

As to the Repurchased Assets to be sold, the Debtors shall take title to the Repurchased Assets on terms known as "as is - where as".

In summary, it is anticipated that the proposed sale of the Personal Property Assets is in the best interests of the estate and its creditors. It is proposed that through the sale of the Repurchased Assets, the Trustee will generate Fifty Thousand Dollars ($50,000.00) (net of the applicable exemptions the Debtors/Buyers are able to assert) for the benefit of the Debtors' bankruptcy estate and their creditors.

Based on the good business reasons that exist to grant the Motion, the Trustee believes that the Motion must be approved without delay.

In support thereof, the Trustee respectfully represents as follows:

**I.**

**BACKGROUND INFORMATION**

1. The Debtors filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on February 17, 2021.

2. Richard A. Marshack is the duly appointed, qualified, and acting Chapter 7 Trustee for the Debtors' bankruptcy estate.

3. The Debtor's bankruptcy estate consists of, among other things, numerous items of non-exempt Personal Property including, but without limitation, (i) 2017 Tesla Model X90D (37,190 miles); (ii) 2021 RAM Pickup Truck (140 miles); (iii) various artwork and collectibles, including Dr. Seuss and Jiang artwork; and (iv) various items of jewelry, including a women's

Rolex Yacht Master; men's Rolex Submarine watch, yellow gold chain with pendant, and various earrings, gold chains and diamond bracelets.

## II.

## MOTION TO SELL PERSONAL PROPERTY ASSETS RE DEBTORS' REPURCHASED ASSETS

**A.    The Personal Property Assets to Which the Trustee Has Received A Purchase Offer**

1.    The Personal Property Assets of the Debtors' estate includes all of the items identified on the list herein as the estate's Personal Property, and other Personal Property items (collectively "Repurchased Personal Property Assets").

2.    Based on the foregoing, the Trustee will sell the for $50,000 (net of applicable exemptions) the Repurchased Assets back to the Debtors. The Trustee believes that a sale of the Repurchased Personal Property Assets is the most efficient way to liquidate the Assets and believes that the estate will receive the most value for same through a sale.

3.    The Trustee is informed that the Repurchased Personal Property Assets have an aggregate net auction value of Fifty Thousand Dollars ($50,000.00) (net of the Debtors' applicable exemptions).

**B.    Terms of the Sale of the Repurchased Personal Property Assets**

1.    As to the Repurchased Personal Property Assets to be sold, the Buyers/Debtors shall take title to the items purchased on the following terms and conditions:

a.    **Purchase Price:** The Buyers/Debtors shall agree to pay the purchase price of $50,000.00 (the "Purchase Price") to the Trustee on or before 14 (fourteen) calendar days after entry of the proposed Sale Order (the "Effective Date"). The Trustee will transfer ownership of the Personal Property Assets' upon closing. Closing shall occur upon full and complete payment of the Purchase Price. Any outstanding license fees, smog fees or any other such charges related to the Personal Property Assets shall be borne exclusively by the Buyers.

b.    **Risk of Loss:** The risk of loss to the Repurchased Personal Property Assets shall transfer to the Buyers immediately upon the filing of this *Sale Motion* since the Buyers are the Debtors are repurchasing their personal property assets, subject to any and all exemptions.

c. **Purchase Without Warranties:** The Debtors acknowledge that they are purchasing the Repurchased Personal Property Assets from the Trustee on an "AS IS - WHERE AS" basis without representations of warranties of any kind, express or implied, given by the Trustee concerning the value, condition, or fitness of purpose for any use thereof. The Debtors represent and warrant that they are purchasing the Repurchased Personal Property Assets as a result of their own investigation and is not buying the Repurchased Personal Property Assets pursuant to any representation made by any broker, agent, accountant, attorney, or employee acting at the direction or on behalf of the Trustee.

e. **Bankruptcy Court Jurisdiction:** The Trustee is selling the Personal Property Assets in his capacity as the Chapter 7 Trustee for the Debtors' bankruptcy estate and, further, the Personal Property Repurchased Assets are property of the Debtors' estate, thus the resolution of any and all disputes between the Trustee and the Buyers concerning the Personal Property Assets shall be resolved by the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Judge Scott Clarkson, presiding. Further, if a dispute arises, such dispute may initially be resolved through the Mediation Program pending in the United States Bankruptcy Court for the Central District of California.

f. **Acknowledgment of the Trustee's Capacity:** The Buyers expressly acknowledge that they are aware and is fully informed that the Trustee is selling the Repurchased Personal Property Assets exclusively in his capacity as the Chapter 7 Trustee of the Debtors' bankruptcy estate. No personal liability for costs, fees or other charges on the Trustee's part is intended, any liability is strictly the liability of the Debtors' bankruptcy estate. In the event that the Trustee fails or refuses to complete the transaction for any reason, the limit of the Trustee's liability is only to upon demand, return any money paid to the Trustee by the Buyers, without deduction. All other liability of the Trustee, his agents or attorneys, is hereby released.

g. **Bankruptcy Court Approval:** The sale of the Repurchased Personal Property Assets is expressly contingent upon the Trustee obtaining Bankruptcy Court approval of the sale. The Trustee makes no warranties, either express or implied, as to his ability to obtain approval of the Bankruptcy Court, and in the event the Trustee is unable to obtain said approval,

the Buyers shall hold the Trustee, his attorneys, agents, and brokers harmless from any and all damages which the Buyers may allege they have suffered as a result therefrom.

    h. **Unknown Contingencies:** If the Trustee is unable to complete the sale of the Repurchased Personal Property Assets because of unknown defects in the title, or because the liens and encumbrances exceed the amounts known to the Trustee, or by being divested of title by the Bankruptcy Court, or because the income tax consequences of the sale are excessive, the Buyers' sole damages shall be limited to refund of any monies paid to the Trustee.

    i. **Attorneys' Fees and Costs:** All parties shall bear their own attorneys' fees, expenses, and costs incurred in connection with the disputes between the parties. In the event of any action or proceeding brought by either party against the other, the prevailing party shall be entitled to recover for its attorneys fees in such action or proceeding, including costs of appeal, if any, in such amount as the Court may adjudge as reasonable attorneys' fees and costs.

**C. Benefits of the Sale of the Personal Property Assets:** The proposed sale of the Repurchased Personal Property Assets is in the best interests of the Debtors' bankruptcy estate and their creditors since it is anticipated that the Trustee will generate substantial funds for the benefit of the Debtors' bankruptcy estate and their creditors. Further, since the Debtors are the Buyers who are purchasing back their pre-petition net of all applicable exemptions makes complete sense for the Debtors' estate. Further, since the Trustee did not have to retain a broker or otherwise incur costs of sale, is an additional basis to approve the sale. Based on the good business reasons set forth above, approval of the Repurchased Personal Property Assets must go forward without delay.

**III.**

**THE SALE IS IN THE BEST INTERESTS OF CREDITORS AND THE ESTATE**

1. Based on the foregoing, the sale of the Repurchased Personal Property Assets as proposed is in the best interests of the Debtors' bankruptcy estate and their creditors since the sale will enable the Trustee to generate substantial cash for payment of allowed claims. If the Court does not approve the sale, the Buyers will withdraw their offer.

1     **WHEREFORE,** the Trustee respectfully requests that the Court enter an order as follows:

a. Approving the sale procedure of the estate's interest in the Sale of Repurchased Personal Property Assets as set forth above.

b. Approving the terms of the sale of the Repurchased Personal Property Assets as set forth above, including, but not limited to sale free and clear of liens and the sale of the Repurchased Personal Property Assets on an 'AS IS " WHERE AS" basis.

c. Authorizing the Trustee to execute any and all documents necessary to effectuate the sale of Repurchased Personal Property Assets, and

d. And for such other and further relief as the Court deems just and proper.

**DATED: September 22, 2021**    **POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**

By:     **/s/ Thomas J. Polis**
**Thomas J. Polis**
**Counsel for Richard A. Marshack**
**Chapter 7 Trustee**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**THE COURT MAY AUTHORIZE THE SALE THE PROPERTY**

**WHEN THERE IS A GOOD FAITH PURCHASER**

Pursuant to Bankruptcy Code Section 363, a Trustee is empowered to sell the assets of a bankruptcy estate "after notice and a hearing." The standards for approval of a sale pursuant to Section 363(b)(1) require that the proponent of the sale establish that: (1) a "sound business purpose justifies the sale;" (2) "accurate and reasonable notice" of the sale was provided; (3) the "price to be paid is adequate, *i.e.* fair and reasonable;" (4) "good faith, *i.e.* the absence of any lucrative deals with insiders, is present." [*See*, *In re Industrial Valley Refrig. & Air Cond. Supplies, Inc.*, 77 B.R. 15, 21 (Bankr. E.D.Pa. 1987).] The proposed sale of the Personal Property Assets conforms with each of the foregoing requirements.

**A.    Sound Business Purpose:**

The Ninth Circuit in *In re Walter*, 83 B.R. 14 (Bankr. 9th Cir. 1988) has adopted a flexible, case-by-case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Section 363(b). In *Walter*, the Ninth Circuit, adopting the reasoning of the Fifth Circuit in *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986), and the Second Circuit in *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983), set forth the following standard to be applied under Bankruptcy Code Section 363(b):

> "Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in *Lionel*, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the assets to the estate as a whole, the amount of lapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasingly or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge."

///

[*Walter, supra*, at 19-20 [quoting *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)].

In the instant case, the facts surrounding the sale of the Repurchased Personal Property Assets, support the Trustee's business decision that the proposed sale is in the best interests of the estate and their creditors. If the Court does not approve the sale, Trustee may lose the offer to sell the Repurchased Personal Property Assets and cause the estate to incur additional expenses associated with finding a new buyer, all to the detriment of the estate's unsecured creditors. Moreover, through the sale, Trustee will be able to generate substantial funds for the distribution of allowed claims.

The auction sale of the Personal Property Assets is the most efficient and cost effective way to liquidate such and will allow the bankruptcy estate to receive the most value for sale of the Repurchased Personal Property Assets.

**B.    Accurate and Reasonable Notice:**

It is expected that notice of this Motion will satisfy the requirements for accurate and reasonable notice and will be appropriate under the circumstances.

**C.    Fair and Reasonable Price:**

The Trustee believes that the sale will allow the Trustee to obtain the most value for the Repurchased Personal Property Assets.

**D.    Good Faith:**

The proposed sale has been brought in good faith and has been negotiated on an "arms length" basis.

## II.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully concludes that the Court grant the Motion in its entirety.

**DATED: September 22, 2021**        **POLIS & ASSOCIATES**
                                     **A PROFESSIONAL LAW CORPORATION**

                                     **By:    /s/ Thomas J. Polis**
                                     **Thomas J. Polis**
                                     **Counsel for Richard A. Marshack**
                                     **Chapter 7 Trustee**

**DECLARATION OF RICHARD A. MARSHACK**

I, Richard A. Marshack, declare as follows:

1. I am the Chapter 7 Trustee for the bankruptcy estate of *In re Eben and Pamela Howard* ("Debtors"). I make this declaration in support of my *Motion For and Order Authorizing Sale of Estate's Personal Property Back to the Debtors For Fifty Thousand Dollars* ($50,000.00). I have personal knowledge of the facts set forth below and if called upon as a witness, I could and would competently testify thereto.

2. The Debtors filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on February 17, 2021.

3. I am the duly appointed, qualified, and acting Chapter 7 Trustee for the Debtors' bankruptcy estate.

4. The Debtors' bankruptcy estate consists of, among other things, numerous items of non-exempt Personal Property including, but without limitation, 2017 Tesla Model X90D (37,190 miles); (ii) 2021 RAM Pickup Truck (140 miles); (iii) various artwork and collectibles, including Dr. Seuss and Jiang artwork; and (iv) various items of jewelry, including a women's Rolex Yacht Master; men's Rolex Submarine watch, yellow gold chain with pendant, and various earrings, gold chains and diamond bracelets.

5. The Repurchased Personal Property Assets includes all of the items identified on the list herein as the estate's Repurchased Personal Property, and other Personal Property items ("Personal Property Assets").

6. Based on the foregoing, I will sell the Repurchased Personal Property Assets as detailed herein. I believe that a sale of the Repurchased Personal Property Assets back to the Debtors net of all applicable exemptions and without incurring any broker's fees is the most efficient way to liquidate the Assets and believe that the estate will receive the most value.

7. I am informed that the Repurchased Personal Property Assets have a net aggregate auction value of Fifty Thousand Dollars ($50,000.00).

///

///

8.  As to the Repurchased Personal Property Assets to be sold, the Buyers/Debtors shall take title to the items purchased on the following terms and conditions:

   a.  **Purchase Price:** The Buyers agree to pay the purchase price of $50,000.00 (the "Purchase Price") to me within fourteen (14) days after entry of the proposed Sale Order (the "Effective Date"). I will transfer ownership of the Repurchased Personal Property Assets' item(s) upon receiving payment in the form of a cashier's check or other certified funds. Any and all fees, license renewal fees, smog fees shall all be bourne by the Buyers.

   b.  **Risk of Loss:** The risk of loss to the Repurchased Personal Property Assets shall transfer to the Buyers immediately upon filing this *Sale Motion*.

   c.  **Purchase Without Warranties:** The Buyers/Debtors shall acknowledge that they are purchasing the Repurchased Personal Property Assets from me on an "AS IS - WHERE AS" basis without representations of warranties of any kind, express or implied, given by me concerning the value, condition, or fitness of purpose for any use thereof. The Buyers represent and warrant that they are purchasing the Repurchased Personal Property Assets as a result of their own investigation and are not buying the Repurchased Personal Property Assets pursuant to any representation made by any broker, agent, accountant, attorney, or employee acting at the direction or on my behalf.

   d.  **Bankruptcy Court Jurisdiction:** I am selling the Repurchased Personal Property Assets in my capacity as the Chapter 7 Trustee for the Debtors' bankruptcy estate and, further, the Repurchased Personal Property Assets are property of the Debtors' estate, thus the resolution of any and all disputes between the Trustee and the Buyers concerning the Repurchased Personal Property Assets shall be resolved by the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Judge Scott Clarkson, presiding. Further, if a dispute arises, such dispute may initially be resolved through the Mediation Program pending in the United States Bankruptcy Court for the Central District of California.

   e.  **Acknowledgment of the Trustee's Capacity:** The Buyers expressly acknowledge that they are aware and fully informed that I am selling the Repurchased Personal Property Assets exclusively in my capacity as the Chapter 7 Trustee of the Debtors' bankruptcy

estate. No personal liability for costs, fees or other charges on the my part is intended, any liability is strictly the liability of the Debtors' bankruptcy estate. In the event that I fail or refuse to complete the transaction for any reason, the limit of my liability is only to upon demand, return any money paid to me by the Buyers, without deduction. All other liability of me, or my agents or attorneys, is hereby released.

  **f.** **Bankruptcy Court Approval:** The sale of the Repurchased Personal Property Assets is expressly contingent upon obtaining Bankruptcy Court approval of the sale. I make no warranties, either express or implied, as to my ability to obtain approval of the Bankruptcy Court, and in the event I am unable to obtain said approval, the Buyers shall hold me, my attorneys, agents, and brokers harmless from any and all damages which the Debtors may allege they have suffered as a result therefrom.

  **g.** **Unknown Contingencies:** If I am unable to complete the sale of the Repurchased Personal Property Assets because of unknown defects in the title, or because the liens and encumbrances exceed the amounts known to me, or by being divested of title by the Bankruptcy Court, or because the income tax consequences of the sale are excessive, the Buyers' sole damages shall be limited to refund of any monies paid to me.

  **h.** **Attorneys' Fees and Costs:** All parties shall bear their own attorneys' fees, expenses, and costs incurred in connection with the disputes between the parties. In the event of any action or proceeding brought by either party against the other, the prevailing party shall be entitled to recover for its attorneys fees in such action or proceeding, including costs of appeal, if any, in such amount as the Court may adjudge as reasonable attorneys' fees and costs.

9. The proposed sale of the Repurchased Personal Property Assets is in the best interests of the Debtors' bankruptcy estate and their creditors since it is anticipated that I will generate substantial funds for the benefit of the Debtors' bankruptcy estate and their creditors. Based on the good business reasons set forth above, approval of the Repurchased Personal Property Assets must go forward without delay.

///

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2021, at Irvine, California.

                                        /s/ Richard A. Marshack
                                        Richard A. Marshack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES**
**A Professional Law Corporation**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California  92612-2433**

A true and correct copy of the foregoing document described **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF PERSONAL PROPERTY ASSETS PURSUANT TO SECTIONS 363(b) AND 363(f) OF THE BANKRUPTCY CODE BACK TO THE DEBTORS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Christopher L Blank    chris@chrisblanklaw.com
Sean C Ferry    sferry@raslg.com, sferry@ecf.courtdrive.com
Jeffrey D Goetz    goetz.jeffrey@bradshawlaw.com, rogers.bari@bradshawlaw.com
Halli B Heston    hheston@hestonlaw.com, yflores@hestonlaw.com, docs@hestonlaw.com; hestonrr41032@notify.bestcase.com,handhecf@gmail.com
Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
Raffi Khatchadourian    raffi@hemar-rousso.com
Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY U.S. MAIL:**
On **September 22, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Hon. Scott Clarkson, US Bankruptcy Court, Central District of California, 411 W. Fourth Street, Suite 5130, Santa Ana, CA 92701

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL,  FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 22, 2021 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |